```
 1                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF COLUMBIA
 2
                                 ---
 3
     MARK MOYAR,                  )
 4                                )
                                  )
 5           Plaintiff,           )  CASE NO. 22-CV-0478
                                  )
 6   v.                           )
                                  )  Tuesday, September 9,
 7   DEPARTMENT OF DEFENSE ET     )  2025
     AL.,                         )
 8                                )
                                  )
 9           Defendant.           )
     _____)
10
                         TRANSCRIPT OF ORAL RULING
11
                   BEFORE THE HONORABLE TIMOTHY J. KELLY
12                     UNITED STATES DISTRICT JUDGE
                                 ---
13

14   APPEARANCES:        NATIONAL SECURITY COUNSELORS
                         BY:  KELLY BRIAN McCLANAHAN
15                       1451 Rockville Pike
                         Rockville, MD 20852
16                       501-301-4672
                         Email:  kel@nationalsecuritylaw.org
17
                         For the Plaintiff
18
                         DEPARTMENT OF JUSTICE-USAO
19                       BY:  SIAN JONES
                         601 D Street, NW
20                       Washington, DC 20530
                         202-252-2578
21                       Email:  sian.jones@usdoj.gov

22                       For the Defendant
                                 ---
23
     COURT REPORTER:     CHANDRA R. KEAN, RMR
24                       Official Court Reporter
                         333 Constitution Avenue, NW
25                       Washington, DC 20001
```

**<u>PROCEEDINGS</u>**

(Court called to order at 2:05 p.m.)

DEPUTY COURTROOM CLERK: We are on the record in civil matter 22-478, Mark Moyar v. Department of Defense et al.

Present for the plaintiff is Kelly McClanahan. And present for the defendant is Sian Jones.

THE COURT: All right. Well, good afternoon to both of you.

I did schedule this for an oral ruling on the motion frankly because I know this case has been pending for a while and I thought it would just be quicker than to polish up an opinion.

So I do have before me plaintiff Moyar's motion for leave to file an amended complaint or, in the alternative, to dismiss case without prejudice. That's on the docket at ECF No. 32.

In his initial complaint, plaintiff alleged that the defendants violated Executive Order 12,968 by failing to turn over certain documents and to authorize certain document requests related to the suspension and preliminary revocation and denial of his security clearance. That's ECF No. 1.

The defendants move to dismiss that complaint, which I granted, and I dismissed the case with

1    prejudice.  See ECF Nos. 7, 23, and 24.  Plaintiff
2    appealed, and the Circuit agreed that dismissal of the
3    complaint was proper because Executive Order 12,968
4    creates no judicially enforceable rights, a decision
5    that of course I cannot revisit today.
6        That's ECF No. 27-1 at 4.  But it vacated the
7    judgment dismissing the case because, in its view, I did
8    not adequately explain my decision to make the dismissal
9    of the case with prejudice.
10       Although the Circuit held that Executive Order
11   12,968 creates no judicially enforceable right to the
12   documents plaintiff seeks, it directed me to further
13   evaluate whether the agency regulations implementing the
14   Executive Order do.  And that's ECF No. 27-1 at Pages 4
15   through 5.
16       Specifically, the Circuit instructed me to assess
17   whether the relevant regulations create a right to the
18   documents plaintiff seeks, and if so, whether that right
19   extends to the decisions under review, and if so,
20   whether it is enforceable through the APA or mandamus.
21       Plaintiff argues that six regulations create a
22   judicially enforceable right to the documents he seeks,
23   and he moves for leave to file an amended complaint to
24   ground his claims in those regulations.
25       And that is ECF No. 32.

```
 1          In the alternative, he asks me to dismiss the case
 2     without prejudice.
 3          Defendants oppose, asking me to deny leave to amend
 4     as futile and to dismiss the case with prejudice.  I've
 5     read those regulations carefully, and as I'll explain in
 6     more detail in a moment, I do agree that plaintiff's
 7     proposed amended complaint would be futile because the
 8     cited regulations do not create any judicially
 9     enforceable rights for plaintiff to receive documents at
10     the stage of the adjudicative process that is reflected
11     by his allegations.  So I will deny plaintiff's motion.
12          Moreover, because no amended complaint consistent
13     with the facts in the proposed amended complaint or,
14     indeed, with the status quo that is acknowledged by both
15     parties, could possibly cure the deficiency, I will
16     dismiss the case with prejudice.
17          That said, as I will explain in more detail in a
18     moment, the dismissal with prejudice should not preclude
19     plaintiff from either filing a new case -- from filing a
20     new case should the adjudicative process move forward,
21     at least to a point where the regulations do at least
22     appear to entitle him to documents.  Should he do so, it
23     will be up to the judge in that case to determine if
24     those rights exists at that point, and if so, whether
25     and how any such right might be judicially enforced.
```

1      So, now I turn to the legal standard.

2      When a party seeks to amend its pleading under
3  Federal Rule of Civil Procedure 15(a)(2), "the Court
4  should freely give leave when justice requires."  Leave
5  should typically be denied only in cases of "undue
6  delay, bad faith, or dilatory motive on the part of the
7  movant, repeated failure to cure deficiencies by
8  amendments previously allowed, undue prejudice to the
9  opposing party by virtue of allowance of the amendment,
10 futility of amendment, et cetera."

11     That's *Foman v. Davis* 371 U.S. 178, 182 a Supreme
12 Court case from 1962.

13     Indeed, "the standard for dismissing a complaint
14 with prejudice is high.  Dismissal with prejudice is
15 warranted only when a trial court determines that the
16 allegation of other facts consistent with the challenged
17 pleading could not possibly cure the deficiency."

18     That's *Belizan v. Hershon*, 434 F.3d 579, 583, a
19 D.C. Circuit case from 2006.

20     Plaintiff identifies six regulations that allegedly
21 give him a right to receive the documents he seeks or to
22 have defendants authorize additional document requests.

23     They are, one, DOD Directive 5220.6; two, DOD
24 Instruction 5200.02; three, DOD Manual 5200.02; four,
25 USAID Automatic Directives System, or ADS, Chapter 566;

1      Intelligence Community Directive 704; and six,
2      Intelligence Community Policy Guidance 704.3.
3              That's ECF No. 32 at Pages 3 through 5.
4              Even assuming these regulations create judicially
5      enforceable rights, they do not create any rights
6      extending to the stage in the adjudicative process where
7      plaintiff alleges his case now stands.  Though plaintiff
8      alleges that he has received preliminary determinations
9      concerning his clearances, he also alleges that he has
10     not answered any of the statements of reasons or SORs
11     that he received attached to those preliminary
12     determinations, nor have any of his cases proceeded to
13     an Administrative Judge for final determination.
14             That's ECF No. 32-1 at Paragraph 50.
15             At this point, then, any rights that he may have to
16     the requested documents have not yet accrued.
17             I will start with Directive 5220.6, which governs
18     the clearance review process for DOD contractors.  As
19     relevant, it provides that when the Defense Industrial
20     Security Clearance Office, or DISCO, decides that it
21     "cannot affirmatively find that it is clearly consistent
22     with the national interest to grant or continue a
23     security clearance for an applicant, the case shall be
24     promptly referred to the DOHA," that is the Defense
25     Office of Hearings and Appeals.

1                That's ECF No. 34-2, Paragraph E3.1.1.

2                The DOHA can then do three things:  "Grant or
3    continue a security clearance, issue a statement of
4    reasons as to why it is not clearly consistent with the
5    national interest to do so, or take other interim
6    actions."

7                That's Paragraph E3.1.2.

8                Directive 5220.6 further specifies that the DOHA
9    cannot issue an unfavorable clearance decision "unless
10   the applicant has been provided with a written SOR that
11   shall be as detailed and comprehensive as the national
12   security permits."

13               Again, that is Paragraph E3.1.3.

14               The clearance applicant can then respond to the SOR
15   with a "detailed written answer," with failure to
16   respond resulting in the revocation or denial of his
17   clearance.  That's Paragraphs E3.1.4 through E3.1.5.

18               In his answer, the applicant can also request a
19   hearing.  That's E3.1.4.  Requesting a hearing entitles
20   him to certain discovery procedures, including an
21   exchange with the department's counsel of "a copy of any
22   pleading, proposed documentary evidence, or other
23   written communication to be submitted to the
24   administrative judge."

25               Paragraphs E3.1.11, and E3.1.13.

```
1           But if neither the applicant nor the government
2      requests a hearing, then the case is "assigned to an
3      administrative judge for a clearance decision based on
4      the written record."  That's Paragraph E3.1.7.
5           Still, once the case is assigned to the
6      administrative judge, the department must at that time
7      provide the applicant "a copy of all relevant material
8      information that could be adduced at a hearing."
9           That's Paragraph E3.1.7.
10           The upshot of all of this is that even assuming the
11      Directive creates judicially enforceable rights to
12      documents related to the clearance review process, an
13      applicant's right to those documents only kicks in once
14      the DOHA issues an SOR, and the applicant responds to
15      the SOR and the case is assigned to an administrative
16      judge for a decision either with or without a hearing.
17           Here, plaintiff's rights under the Directive have
18      not yet attached because in the proposed amended
19      complaint, he does not allege that he answered the SOR,
20      which he received on December 20, 2021, see ECF No. 7-8,
21      or that he has elected to proceed before an
22      administrative judge either with or without a hearing.
23           To the contrary, he alleges that he has "been
24      required to request numerous extensions" to his deadline
25      to answer the SOR.  That's ECF No. 32-1 at
```

1　　Paragraph 50.
2　　　　Plaintiff refers to this as an appeal deadline, but
3　　it is -- in context, it is clear that he is referring to
4　　his chance to answer the SOR and move the process
5　　forward to an administrative judge.
6　　　　But in extending his deadline, he has also pushed
7　　back defendants' obligations to provide documents under
8　　this directive.  So even if the Directive creates a
9　　right to documents in some circumstances, that right
10　　does not attach to the circumstances alleged in the
11　　proposed amended complaint.  So plaintiff's proposed
12　　amendment grounding his claims in Directive 5220.6 would
13　　be futile.
14　　　　The same is true for DOD Manual 5200.02.  In
15　　Section 10.2(b), the manual recognizes that applicants
16　　have, "a right to," "request the documents, records, and
17　　reports upon which the unfavorable national security
18　　determination was made."
19　　　　Defendants seem to suggest that this language might
20　　not include a right to receive documents.  But even
21　　assuming it does, and I think it probably does, that
22　　right also does not attach until later in the
23　　adjudicative process.  Read in context, the "unfavorable
24　　national security determination," referred to in
25　　Section 10.2 is clearly one that follows or appears in a

1    letter of denial or revocation, also known as an LOD or
2    LOR.
3         That's ECF number 34-4, Section 10.2(a).
4         But the department does not issue LODs or LORs
5    until later on until after it has issued an SOR and then
6    made a final unfavorable determination.
7         See, for example, section 10.2(d) and compare that
8    with Section 10.4(a)(1) through (4).
9         This tracks the "determination" language used in
10   Executive Order 12,968, which, as I explained in my
11   prior memorandum opinion, does not include preliminary
12   determinations like -- a preliminary determination like
13   a letter of intent accompanied by an SOR.
14        ECF No. 24 at Pages 8 through 9.
15        In response, plaintiff argues that Section 10.5(d)
16   establishes that "the initial determination which
17   precedes the personal appearance before an
18   administrative judge is what triggers the right."
19        That's ECF No. 32 at 6.
20        But that cited provision of the manual, as far as I
21   can tell, does not exist, and I cannot find any support
22   for this proposition elsewhere in the manual.
23        In any event, that plaintiff even makes this
24   argument is further confirmation that the process has
25   not advanced to the point where the right to receive

```
1    documents accrues.  There is simply no support that I am
2    aware of for the notion that under this manual or any
3    other source of authority cited, an "initial
4    determination," without more, triggers the right to
5    receive documents.
6         Policy Guidance 704.3 also does not give plaintiff
7    a right to his requested documents.  Instead, it
8    provides that an applicant "whose access has been denied
9    or revoked shall be provided with certain protections
10   and procedures, including "an explanation of the
11   right" "to request any documents, records, or reports
12   upon which the denial or revocation is based."
13        That's ECF No. 34-6 at Pages 2 through 3.
14        For similar reasons just explained, plaintiff's
15   allegations in the proposed amended complaint do not
16   entitle him to any such documents.
17        Indeed, plaintiff does not allege that defendants
18   made a final decision denying or revoking his clearance.
19   ECF No. 19 at 8.  And since his access has not yet been
20   denied or revoked, Policy Guidance 704.3 does not
21   apply.
22        Putting that aside, Policy Guidance 704.3
23   specifically disclaims creating any rights at all,
24   providing that it "does not create or confer on any
25   person or entity any right to administrative or judicial
```

1 review of these procedures, their implementation, or
2 decisions or actions rendered thereunder."
3   ECF number 34-6 at 3.
4   Such language "is effective to disclaim the
5 creation of any enforceable rights."  That's *United*
6 *States v. Manafort* 312 F.Supp. 3d 60, 76, a D.D.C. case
7 from 2018.
8   So Policy Guidance 704.3 does not create any
9 judicially enforceable rights much less rights that
10 apply to the preliminary determinations at issue here.
11   Because Policy Guidance 704.3 does not give
12 plaintiff any rights to requested documents, neither
13 does Directive 704.  This directive does not mention
14 requesting or receiving documents at all.  Instead, the
15 only potentially relevant provision establishes that the
16 denial or revocation of security clearance is governed
17 by a process laid out in Policy Guidance 704.3.
18   That's ECF number 34-5 at 4.
19   But as just explained, that Policy Guidance gives
20 plaintiff no rights to his requested documents based on
21 the allegations in the proposed amended complaint.  So
22 neither does Directive 704.
23   Plaintiff's arguments on Instruction 5200.02 fail
24 for the same reasons.  In outlining the procedures for
25 adjudicating security determinations and appealing

1    unfavorable determinations, the instruction merely

2    references other policy documents.  It says nothing

3    about the right to receive documents itself.

4        For example, it points to Executive Order 12,968,

5    Directive 704, Directive 5220.6, Manual 5200.02, Manual

6    5220.22, and DOD 5400.11-R.  That's ECF No. 34-3 at

7    6 -- Pages 6 through 7 and 10 through 11.

8        But for reasons already explained, both here and in

9    my prior memorandum opinion, the Executive Order,

10    Directives 704 and 5220.6, and Manual 5200.02 do not

11    give plaintiff a right to the requested documents based

12    on the allegations in the proposed amended complaint.

13    And though plaintiff does not address Manual 5220.22 or

14    DOD 5400.11-R, as far as I can tell, nothing within

15    those regulations establishes a right to receive any

16    records based on a preliminary clearance determination.

17    Thus, since the regulations incorporated by reference

18    within Instruction 5200.02 do not create any relevant

19    rights, neither does the Instruction.

20        Finally, ADS Chapter 566 does not save plaintiff's

21    claims.  Plaintiff points to Section 566.3.5.3, which

22    provides that, "whenever an adverse security clearance

23    action is initiated, the individual subject to the

24    action must be afforded due process."

25        That's ECF No. 34-1, Section 566.3.5.3(b).  It then

```
 1    defines due process as requiring USAID to provide a
 2    written notice of the "proposed action," including
 3    "copies of all relevant documents, records, and reports
 4    upon which the conclusion to initiate the action is
 5    based."
 6         But plaintiff does not allege that USAID ever
 7    initiated an adverse security clearance action against
 8    him as defined in Chapter 566.  Chapter 566 defines an
 9    adverse security clearance action as an action involving
10    the "denial, reduction, or revocation of a security
11    clearance."
12         And it contrasts the denial, reduction, or
13    revocation of a security clearance with the suspension
14    of a clearance.  And I point the parties to
15    Section 566.3.5.3(a).
16         So, it's a familiar refrain by now, Chapter 566's
17    due process guarantees do not attach until USAID goes
18    beyond the suspension and initiates an action to deny,
19    reduce, or revoke a person's clearance.  Again, the
20    proposed amendment does not allege that USAID did that
21    here, and there is no reason to think it did.
22         Instead, USAID merely suspended plaintiff's
23    clearance while it investigated its concerns.
24         That's ECF No. 7-3 at 2.
25         Before it could go further, plaintiff resigned.
```

```
 1            See ECF No. 32-1, Paragraphs 26-27.
 2            Thus, since USAID never initiated an action to
 3   deny, reduce, or revoke his clearance, Chapter 566's due
 4   process provisions do not apply.  What's more,
 5   defendants made this argument in their opposition to
 6   plaintiff's motion, and he did not contest it in his
 7   reply.  See ECF No. 34 at 16.
 8            "Courts have properly and consistently construed
 9   this type of silence as abandonment of the argument in
10   question."  That's *Pauling v. District of Columbia*,
11   No. 13-CV-0943, 2015 Westlaw, 13891312 at Page 1, a
12   D.D.C. case from June 15th of 2015.  So, again, the
13   argument would be abandoned in any event.
14            So for all these reasons, based on the allegations
15   in plaintiff's proposed amended complaint, including
16   where the adjudicative process stands at this point, no
17   regulation identified creates a judicially enforceable
18   right to the documents plaintiff seeks.  Thus, allowing
19   filing of the proposed amended complaint would be
20   futile.  So I will deny plaintiff's motion, which,
21   again, is on the docket at ECF No. 32.
22            Now, as just a bit of housekeeping, I want to
23   address two arguments made in the plaintiff's reply.
24            First, he argues that I should grant his motion
25   because defendants have not renewed their motion for
```

```
 1    relief from Local Civil Rule 7(n).  But defendants did
 2    not need to do that.  The Circuit's order did not vacate
 3    my resolution of that motion, and even if it did, I
 4    would just sua sponte order the same relief for the same
 5    reasons I did originally.
 6         Similarly, plaintiff points out that defendants did
 7    not file a cross-motion to dismiss the case with
 8    prejudice in response to the plaintiff's motion.  But,
 9    again, they did not need to.  They had already moved to
10    dismiss the complaint and the case.
11         I don't understand the Circuit to have vacated my
12    granting of their motion to dismiss the then-operative
13    complaint, and in any event, for the reasons explained
14    in my prior memo and in the Circuit's opinion, dismissal
15    of the complaint remains proper.
16         What the Circuit left for me to do is to consider
17    whether to make the dismissal with or without prejudice
18    and then simply to explain my decision.
19         So on that point, I will, for the reasons I've laid
20    out, dismiss the case with prejudice.  As I've
21    explained, allowing filing of the proposed amended
22    complaint would be futile, and beyond that, dismissal
23    with prejudice is warranted because no allegations
24    consistent with those allegations in the proposed
25    amended pleading and the status quo as it now exists,
```

16

1    could possibly cure the deficiency.
2         But I think that comes with a little bit of a
3    caveat.  I'm not going to try to predict how events will
4    unfold with respect to how plaintiff will proceed either
5    with respect to the adjudicative process that has been
6    essentially frozen in place or another adjudicative
7    process that might end up being initiated if the
8    plaintiff makes another attempt to receive a security
9    clearance.  Nor will I try to predict how the plaintiffs
10   may respond -- how the defendants may respond to those
11   developments if they come to pass.
12        But even though I'm dismissing the case with
13   prejudice, I want to point out that it seems to me that
14   it is without prejudice to plaintiff's filing a future
15   case in which he alleges that this adjudicative process,
16   or another adjudicative process that gets initiated, has
17   proceeded beyond where it is now, particularly to any
18   stage I've described where one of these regulations or
19   other authorities does appear to create a right to the
20   documents he seeks.
21        In that case, it seems to me that would be an
22   action based on new material facts which would not be
23   precluded by this dismissal with prejudice.  In such a
24   case, plaintiff, it seems to me, would be asserting a
25   newly accrued, at least potential, right to the

```
 1    documents.  And as the D.C. Circuit has said, res
 2    judicata does not typically bar the bringing of a second
 3    suit based on facts that were not yet in existence at
 4    the time of the initial suit.
 5        And I'll just cite the parties to Drake v. FAA, 291
 6    F.3d 59 at 66, a D.C. Circuit case from 2002.
 7        So if that comes to pass, the judge in that case
 8    would have to determine whether any such rights exist,
 9    wherever the process may stand, and if so, how and
10    whether any such rights might be judicially enforced.
11        So for all the reasons I've laid out, I will enter
12    an order denying plaintiff's motion for leave to file an
13    amended complaint or, in the alternative, to dismiss the
14    case without prejudice, which is on the docket, again,
15    at ECF No. 32, and I will dismiss the
16    operative complaint -- or I will dismiss the case with
17    prejudice.
18        Any questions on all of that from the government?
19            MS. JONES:  No, Your Honor.  Thank you.
20            THE COURT:  Okay.  Anything from counsel for
21    the plaintiff?
22            MR. McCLANAHAN:  Just as a point of clarity, if
23    we did later file a new complaint at some point in the
24    stage, would you consider that a related case that we
25    would need to notice or --
```

```
 1              THE COURT:  I think the -- well, I have to look
 2     at the related case rules.  I don't think it would be
 3     because this case would no longer be pending.  But, you
 4     know, I'd have to look at the rules.  So I don't know
 5     the answer to your question.
 6              MR. McCLANAHAN:  Nothing else, Your Honor.
 7              THE COURT:  All right.  Very well.
 8         The parties, then, are dismissed.
 9         (Court adjourned 2:37 p.m.)
10                         - - -
11
12
13         CERTIFICATE OF OFFICIAL COURT REPORTER
14
15     I, CHANDRA KEAN, RMR, do hereby certify that the
16     above and foregoing constitutes a true and complete
17     transcript of the proceedings held in the above-titled
18     matter.
19         Dated this 11th day of September, 2025.
20
21
22     _____
                                Chandra Kean, RMR
23                              Official Court Reporter
                                United States Courthouse
24                              333 Constitution Avenue, NW
                                Washington, DC 20001
25
```