**UNITED STATES COURT OF APPEALS**
**DISTRICT OF COLUMBIA CIRCUIT**

| | | |
|---|---|---|
| MARK MOYAR, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Case No. 25-5400 |
| | * | |
| DEPARTMENT OF DEFENSE, | * | |
| *et al.*, | * | |
| | * | |
| Appellees. | * | |
| | * | |

* * * * * * * * * * * * *

**JOINT MOTION TO GOVERN FUTURE PROCEEDINGS**

Appellant Mark Moyar ("Moyar") and Appellees Department of Defense ("DOD") and United States Agency for International Development, by and through undersigned counsel, hereby request that this Court order that briefing in this matter shall take the form described herein.

This case involves a challenge brought under the Administrative Procedure Act and the Mandamus Act to Appellees' refusal to provide Moyar with information—to which he maintains he was entitled by Executive Order and agency regulations—that he needs to file an administrative appeal of DOD's revocation of his security clearance.[1] When Moyar first filed this case, he had not

[1] The parties disagree as to whether DOD formally "revoked" Moyar's security clearance or merely stated that it "intended" to revoke Moyar's security clearance, but for the purposes of this Motion the distinction is not relevant. This Motion will

requested an administrative hearing—the first step of the administrative appeal process—because he maintained that he needed to receive the requested information before participating in the hearing process. However, after several years of litigation, Moyar elected to request an administrative hearing rather than continue potentially unnecessary litigation. After Moyar filed the instant appeal of the District Court's decision, DOD advised Moyar—during mediation—that it would not honor his request for a hearing, because it maintained that he was no longer eligible for a clearance due to a theory known as "loss of jurisdiction."[2]

Moyar maintains that the preliminary question of whether or not he is entitled to an administrative appeal of his security clearance revocation should be decided before the Court reaches the merits of this appeal. Doing otherwise places the parties and the Court in an unconventional litigation posture, because DOD could argue that, even if the Court were to find that the District Court erred, there is still no legal remedy because Moyar is no longer legally entitled to the due process animated by the relevant Executive Order and agency regulations.

---

accordingly use the terms "revocation" and "appeal" for ease of reference, with the caveat that DOD does not concede that it made a formal revocation decision or that Moyar's request for an administrative hearing constitutes an "appeal."

[2] Simply put, DOD takes the position that the fact that Moyar is no longer employed by the contractor for which he worked when his clearance was revoked means that it "lacks jurisdiction" over his clearance appeal because he no longer has a sponsor. The true legal issue is significantly more complex than is described herein, but for the purposes of this Motion this simplified version should suffice.

Therefore, they have conferred and agreed to jointly propose the following schedule, in which Moyar first files a motion to resolve this preliminary controversy—either by compelling DOD to provide him with the requested administrative hearing or remanding the case to the District Court to resolve the matter—and the Court resolves that motion before proceeding to merits briefing.

The parties respectfully propose the following schedule for this preliminary briefing:

- Moyar's motion – December 15, 2026
- DOD's response brief – 30 days after Moyar's motion is filed
- Moyar's reply brief – 21 days after DOD's response is filed

Date: October 16, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

JOHNNY H. WALKER, III
Assistant United States Attorney

/s/ Devin Iorio
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-0840
Devin.Iorio@usdoj.gov

*Attorneys for the United States of America*

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
1451 Rockville Pike
Suite 250
Rockville, MD 20852
501-301-4672
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Appellant*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing filing contains 680 words, and was prepared in 14-point Times New Roman font using Microsoft Word 365.

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.